IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : Case No.: 17-16965 |
| Carol A. Merchiore | : Chapter 13 |
| | : Judge Ashely M. Chan |
| Debtor(s) | : * * * * * * * * * * * * * * * * * * |
| | : |
| Wells Fargo Bank, N.A. as successor by | : Date and Time of Hearing |
| merger to Wachovia Bank, N.A. | : March 12, 2019 at 11:00 a.m. |
| Movant, | : |
| vs | : Place of Hearing |
| | : U.S. Bankruptcy Court |
| Carol A. Merchiore | : 900 Market Street, Courtroom #4 |
| | : Philadelphia, PA, 19107 |
| William C. Miller | : |
| Respondents. | : Related Document # 49 |

## STIPULATION FOR SETTLEMENT OF AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 28 HILLCROFT RD, LANGHORNE, PA 19053 (Dkt. #49)

This matter coming to be heard on the *Amended Motion for Relief from Stay* (Dkt. #49) which was filed in this court by Wells Fargo Bank, N.A. as successor by merger to Wachovia Bank, N.A. ("Movant"), Movant and Carol A. Merchiore by and through counsel ("Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1.    The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2.    The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of December 2018 through March 2019, incurring a total post-petition arrearage of $1,383.66, which consists of 1 partial post-petition payments for December 31, 2018 at $317.78, 2 post-petition payments for January 31, 2019 and February 28, 2019 at $532.94 each.

3.    Debtor shall repay the total post-petition arrearage of $1,383.66 directly to the Movant.

4.    Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the March 31, 2019 post-petition payment.

5.    Movant must receive the following payments by the corresponding dates:

1

18-034538_SCS2

a.    $153.74 plus the March 2019 post-petition mortgage payment on or before the last day of that month;

b.    $153.74 plus the April 2019 post-petition mortgage payment on or before the last day of that month;

c.    $153.74 plus the May 2019 post-petition mortgage payment on or before the last day of that month;

d.    $153.74 plus the June 2019 post-petition mortgage payment on or before the last day of that month;

e.    $153.74 plus the July 2019 post-petition mortgage payment on or before the last day of that month;

f.    $153.74 plus the August 2019 post-petition mortgage payment on or before the last day of that month;

g.    $153.74 plus the September 2019 post-petition mortgage payment on or before the last day of that month;

h.    $153.74 plus the October 2019 post-petition mortgage payment on or before the last day of that month;

i.    $153.74 plus the November 2019 post-petition mortgage payment on or before the last day of that month.

6.    The Debtor hereby agrees to resume monthly mortgage payments outside the Plan directly to Movant for the March 31, 2019 regular monthly mortgage payment and to make all further payments in a timely fashion.

7.    Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

8.    The following are events of default under this Stipulation:

a.    Debtor's failure to remit any two (2) post-petition monthly mortgage payments;

b.    Debtor's failure to remit any of the above listed payments on or before the

corresponding due date.

9.    In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor
and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure
Opportunity"). If the Default is not cured, Movant shall file a Certification of Default
with the Court. The automatic stay shall be terminated as to Movant, its principals,
agents, successors and/or assigns as to the subject property upon the Court's entry of an
Order granting Movant's Certification of Default.

10.    Debtor's opportunity to cure the default shall be limited to three occurrences. Upon the
fourth default occurrence, without notification to the Debtor and his/her attorney, Movant
shall file a Certification of Default with the Court. The automatic stay shall be
terminated as to Movant, its principals, agents, successors and/or assigns as to the subject
property upon the Court's entry of an Order granting Movant's Certification of Default.

11.    This Stipulation remains in full force and effect in the event Debtor's case is dismissed by
the Court and Debtor subsequently reinstates his case by order of the Court and/or the
Movant obtains relief from stay and the stay is subsequently reinstated by order of the
Court.

12.    If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this
Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: _____4/11/19_____    BY: _____K. Velter_____

Karina Velter (94781)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
614-220-5611; Fax 614-627-8181
Email: kvelter@manleydeas.com
Attorney for Creditor

Dated: _____4/11/19_____    BY: _____

Brad J. Sadek
Sadek and Cooper
1315 Walnut Street
Philadelphia, PA  19107
Telephone: 215-545-0008

3

Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

JACK William C. Miller
P.O. Box 1229
Philadelphia, PA  19105   No Objection

4